IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## JAMES EMMETT MOSES, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6731     Joseph H. Walker, Judge**

---

**No. W2001-01394-CCA-R3-PC  - Filed February 22, 2002**

---

The Petitioner pleaded guilty to one count of aggravated burglary, two counts of robbery and one count of theft under $500.00. Following a sentencing hearing, the trial court sentenced the Petitioner as a Range III persistent offender to twelve years for the aggravated burglary conviction, thirteen years for each of the robbery convictions, and eleven months and twenty-nine days for the misdemeanor theft conviction. The sentencing court imposed consecutive sentences for the robbery convictions, resulting in an effective sentence of twenty-six years in the Tennessee Department of Correction. This Court affirmed the sentences on appeal, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. The Petitioner subsequently filed for post-conviction relief, claiming that his plea was constitutionally defective because he was inadequately represented and that his plea was not voluntarily, knowingly, and intelligently entered. The trial court denied relief. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

D. Michael Dunavant, Ripley, Tennessee, for the Appellant, James Emmett Moses, Jr.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Brewer, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner, James Emmett Moses, Jr., entered guilty pleas to one count of aggravated burglary, two counts of robbery, and one count of theft under $500.00. Following a sentencing hearing, the trial court sentenced the Petitioner as a Range III persistent offender to twelve years for the aggravated burglary conviction, thirteen years for each of the robbery convictions, and eleven months and twenty-nine days for the misdemeanor theft conviction. The trial court ordered

consecutive sentencing for the two robbery convictions, resulting in an effective prison sentence of twenty-six years. This Court affirmed the sentences on appeal. See State v. James Emmett Moses, No. W1999-01509-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 188 (Tenn. Crim. App., Jackson, Mar. 7, 2000).

The Petitioner subsequently filed a petition for post-conviction relief, in which he alleged that his guilty pleas were constitutionally defective because he was inadequately represented by counsel and did not voluntarily, knowingly, and intelligently enter the pleas. In his petition, the Petitioner argued that the deficiencies in his representation prior to and during his guilty pleas, coupled with his illiteracy and drug use at the time of the pleas, resulted in his guilty pleas being defective. Following a hearing, the post-conviction court denied relief.

The Petitioner argues on appeal that his attorney was ineffective in her representation of him prior to and at the time of his guilty pleas because she: (1) never made an effort to ascertain whether the Petitioner was taking any medication at the time of the guilty pleas[1]; (2) failed to show the Petitioner a sentencing matrix and explain to him the range of possible punishment that he was facing; (3) failed to review or explain the possible sentences for the different charges; (4) failed to go over with or read the guilty plea forms to the Petitioner so that he could understand them; (5) never provided to the Petitioner information about or copies of the State's notice of enhanced punishment; and (6) told the Petitioner to say "yes, sir" to everything the judge asked him during the guilty plea hearing. The Petitioner contends that had he been adequately represented by counsel, he would not have entered pleas of guilty and would have proceeded to trial.

After a careful review of the record, we conclude that the Petitioner's allegations are without merit. Therefore, we affirm the judgment of the post-conviction court.

## I. FACTS

The evidence presented at the post-conviction hearing consisted of the testimony of the Petitioner's trial counsel and the testimony of the Petitioner. Counsel testified that she represented the Petitioner in her capacity as an assistant public defender. She testified that she discussed the case with the Petitioner and informed him of his basic constitutional rights. She stated that the Petitioner seemed coherent and appeared to understand his rights. Counsel further testified that she thoroughly discussed with the Petitioner the fact that the State had filed an "enhancement" in the Petitioner's case. Counsel recalled that the Petitioner claimed that a felony theft conviction that was part of the enhancement was actually a misdemeanor theft conviction. Counsel testified that she explained to the Petitioner that the State was attempting to classify him as a Range III persistent offender, and she maintained that she and the Petitioner "had discussions about that."

---

[1] The Petitioner claims that he was taking prescription medication that affected his ability to understand the pleas.

-2-

Counsel testified that she represented the Petitioner on direct appeal of his sentence to this Court and to the Tennessee Supreme Court. Counsel identified various documents associated with the Petitioner's pleas of guilt, and the documents were entered into evidence as exhibits at the post-conviction hearing. Although counsel did not "ascertain" whether the Petitioner was on "any medication or . . . taking any other drugs or substances," she did testify that the Petitioner seemed lucid, coherent, and able to comprehend the plea proceedings.

Counsel denied instructing the Petitioner to say "yes" to everything the judge asked him when he entered his pleas. Counsel also denied forcing the Petitioner or coercing the Petitioner in any way to enter guilty pleas. Counsel testified that the Petitioner entered his pleas voluntarily and with enough knowledge and information to do so. Finally, although the Petitioner responded "yes, sir" when asked to plead guilty or not guilty to the felony counts, counsel testified that the Petitioner "knew what he was doing. He knew what he was pleading to."

The Petitioner testified that he cannot read or write. He recalled that he talked with his attorney "about two times." The Petitioner testified that he instructed counsel to "go and talk with the judge and the district attorney for . . . a sentence of guilty plea." The Petitioner further testified that he wanted to try to get a plea agreement from the State. The Petitioner denied that counsel had discussed sentence ranges with him. The Petitioner also denied that counsel showed him a copy of the State's notice of intent to seek enhanced punishment, a sentencing matrix, or any of the documents associated with the guilty plea. The Petitioner stated that he was taking prescription medication for "stress and depression" during the time he was in jail awaiting the disposition of his case and that the medication caused him to fail to understand his counsel's advice. The Petitioner further testified that counsel did not meet with him to prepare him for his testimony pertaining to his guilty pleas, and he stated that counsel told him "to say 'yes, sir' and 'no, sir' to everything that [the judge] asked me."

With regard to the documents pertaining to the guilty pleas, the Petitioner testified that he did not know what he was signing when he signed them. The Petitioner testified that had he been provided with full and complete information about his case by counsel, he would have instructed his attorney to "go to trial, try to get something lesser, whatever." The Petitioner testified that he complained to his counsel's supervisor and told the supervisor that he did not want counsel to be his lawyer. However, he admitted that he told the trial court when he pled guilty that he was satisfied with counsel's representation and explained that he responded affirmatively because counsel "had told me to say 'yes, sir' to everything."

The post-conviction court, based on the evidence presented at the hearing, held that the Petitioner had failed to prove his allegations and denied relief. In a written order, the post-conviction court found in part as follows:

> Nothing in the record of the plea indicates that the defendant's plea was involuntary. The record reveals that the trial court thoroughly questioned the defendant about his decision to plead guilty and that the defendant was well-aware of his right to proceed to trial and the possible consequences of either action before he plead guilty.

He was completely advised that upon a plea of guilty he would be sentenced within the appropriate range and what the range of punishment might be.

The transcript indicates that the defendant understood he was entering a plea of guilty to the various offenses. The transcript indicates that when he was entering a plea, when asked whether he plead guilty or not guilty, he said yes sir. A complete reading of the transcript shows that the defendant knew he was entering a guilty plea. He had gone over a "Plea of guilty" form with his attorney, indicating he was entering a plea of guilty to aggravated burglary, robbery two counts, and theft under $500.00. The sentence was to be determined at a sentencing hearing. The petitioner (and his appointed attorney) was not happy with the sentence received, and appealed the sentencing. Petitioner testified at the post conviction hearing that he expected a lesser sentence than he received. He was expecting 8 or 10 years, and was hoping for CMC or rehab.

These offenses were committed while petitioner was on parole, and the Court had no discretion but to run the sentences consecutively to the parole revocation. T.R.Crim.P. 32.

At the plea hearing, the petitioner was asked if he was satisfied with [counsel's] performance, and he indicated that he was satisfied.

The petitioner's testimony at the post conviction hearing was not credible. He denied he was told anything about a sentence by his attorney or at the plea hearing. The Court accredits the testimony of [counsel] with regard to the meetings with the petitioner and what he was advised of. Petitioner has failed to demonstrate a reasonable probability that, but for counsel's deficiency, he would have insisted upon proceeding to trial. It is not the guilt that petitioner objects to, but the sentence he received.

We agree with the conclusions of the trial court.

## II. ANALYSIS

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the

right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn.1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

This standard also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the requirement of prejudice in a case involving a guilty plea, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he or she "would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

The Petitioner has failed to prove that he received ineffective assistance of counsel in this case. Furthermore, we have concluded from our de novo review that the Petitioner entered his pleas voluntarily, knowingly, and intelligently. The trial court found that the Petitioner's testimony at the post-conviction hearing was not credible and accredited the testimony of trial counsel. The evidence clearly supports these findings of the post-conviction court. We conclude, as did the post-conviction court, that the Petitioner received effective representation in the trial court and that his guilty pleas were entered without any constitutional defects.

Accordingly, the judgment of the post-conviction court is AFFIRMED.


_____
ROBERT W. WEDEMEYER, JUDGE